UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

FLENOID GREER,

    Petitioner,

v.

BRYAN MORRISON, *Warden*,

    Respondent.

Case No. 24-12260
Honorable Laurie J. Michelson

**OPINION AND ORDER TRANSFERRING HABEAS PETITION
[1] TO THE COURT OF APPEALS**

On July 27, 1990, Flenoid Greer was convicted of second-degree murder in violation of Michigan Compiled Laws § 750.317. (ECF No. 1. PageID.17.) He is currently serving a sentence of 60–90 years at Lakeland Correctional Facility in Coldwater, Michigan. (*Id.*)

Now, Greer is back in federal court seeking another writ of habeas corpus. (ECF No. 1.) In his current petition, Greer claims that his constitutional right to due process was violated when: (1) Michigan post-conviction procedures prevented his sentence from being vacated; (2) new research indicated that there are serious sentencing disparities in Michigan, and his sentence is a product of those disparities; (3) an unrelated prior conviction that was later set aside was improperly used by the state trial judge to increase his sentence; and (4) a state court clerk refused to provide him with documents he needed to pursue state post-conviction relief. For the reasons set forth below, Greer's petition is DENIED.

## I. Analysis

This is not the first time that Greer has sought habeas relief. He filed his first petition in 2007. It was dismissed as time-barred under the Antiterrorism and Effective Death Penalty Act's (AEDPA) one-year statute of limitations. 28 U.S.C. § 2244(b)(3)(A); *Greer v. Berghuis*, No. 07-10873, 2007 WL 2984100 (E.D. Mich. Oct. 12, 2007); *appeal dismissed* No. 07-2532 (6th Cir. Nov. 3, 2008); *cert. denied* 558 U.S. 834 (2009).

Greer then sought permission from the United States Court of Appeals for the Sixth Circuit to file a successive petition. The appellate court denied Greer's request. *In Re Greer*, No. 15-2398 (6th Cir. Aug. 8, 2016).

In 2022, Greer filed another post-conviction motion for relief from judgment in state court. It was denied, *People v. Greer*, No. 89-012514 (Mich. Cir. Ct. Nov. 3, 2022), as was leave to appeal, *People v. Greer*, No.364632 (Mich. Ct. App. May 30, 2023), *appeal denied*, 2023 Mich. LEXIS 1649 (Mich. Oct. 3, 2023) (mem.).

Most recently, Greer sought permission from the Sixth Circuit to file a second or successive petition based on the exact same claims he now raises in his current petition. As Greer well knows, the Sixth Circuit denied his request, finding that he failed to satisfy the requirements for filing a successive petition. *In Re Greer,* No. 24-1022, 2024 U.S. App. LEXIS 16892, at *2–3 (6th Cir. July 10, 2024) (per curiam). Greer conceded that his claims were not based on a new rule of constitutional law and his alleged newly discovered evidence pertained only to sentencing issues. *Id*. Thus, said the Court, "because Greer's proposed claims concern his sentence, they fail

to establish that no reasonable juror would have found him guilty of the crime of conviction but for constitutional error." *Id.* at *3.

Under AEDPA, a federal district court does not have jurisdiction to entertain a successive habeas petition in the absence of an order from the court of appeals authorizing it. *See* 28 U.S.C. § 2244(b)(3)(A) ("Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."); *In re Tibbetts*, 869 F.3d 403, 405 (6th Cir. 2017) ("[AEDPA] limits the authority of federal courts to grant relief to individuals who previously filed a habeas petition and requires petitioners challenging state court judgments to seek authorization in a federal appeals court before filing a second or successive petition in district court") (internal quotation marks omitted).

Here, Greer properly sought that permission from the court of appeals. But it was denied. So there is no question that he is seeking to file a successive petition. The only issue, then, is whether to dismiss the unauthorized filing or transfer it back to the Sixth Circuit. Another Court in this District recently provided the answer:

> Transfer is appropriate even though Petitioner already has been denied permission by the Sixth Circuit to file a successive petition on the ground that he seeks to advance here. While at least two courts of appeals in other circuits have found it appropriate for a district court to dismiss rather than transfer an unauthorized successive petition when the petitioner previously was denied authorization to raise identical claims in a successive petition, the Sixth Circuit has recently held that transfer is required in such circumstances. *Compare Lyles v. Horton*, No. 20-1562, 2020 U.S. App. LEXIS 37452 (6th Cir. Nov. 30, 2020) (Dkt. 12) (holding that district court should have transferred Rule 60(b) motion as a second or successive petition notwithstanding the fact that Court of Appeals previously denied permission to file a successive petition

3

raising the same grounds), with *Bird v. Wyoming Dep't of Corr. State Penitentiary Warden*, 693 F. App'x 762, 765 (10th Cir. 2017) (holding that the district court did not abuse its discretion when it dismissed successive habeas petition, rather than transfer the petition to court of appeals because transfer would have been futile where court of appeals had recently denied authorization for another version of the same claim); and *Padilla v. Miner*, 150 F. App'x 116, 117 (3d Cir. 2005) (holding that transfer of habeas petition from district court to court of appeals, pursuant to statute permitting transfer to cure want of jurisdiction, would not be in the interest of justice where petitioner had previously been denied authorization by court of appeals to raise identical claims in a successive petition).

*Dillard v. Hoffner*, No. 12-13597, 2021 U.S. Dist. LEXIS 39619, at *5–6 (E.D. Mich. Mar. 3, 2021).

## II. Conclusion

Thus, with some reservation given the obvious inefficiencies, the Court orders the Clerk of Court to transfer Greer's petition (ECF No. 1) to the Sixth Circuit. *See In Re Sims*, 111 F.3d 45, 47 (6th Cir. 1997) ("[W]e hold that when a prisoner has sought § 2244(b)(3) permission from the district court, or when a second or successive petition for habeas corpus relief . . . is filed in the district court without § 2244(b)(3) authorization from this court, the district court shall transfer the document to this court pursuant to 28 U.S.C. § 1631.").

SO ORDERED.

Dated: October 15, 2024

                                                 s/Laurie J. Michelson
                                                 LAURIE J. MICHELSON
                                                 UNITED STATES DISTRICT JUDGE